UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:17-cv-00346-FDW

| | |
|---|---|
| AMY DENISE BURGIN, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| NANCY A. BERRYHILL, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9); Defendant's Motion for Summary Judgment (Doc. No. 22); Plaintiff's Motion to Remand Pursuant to Rule 7(b), Federal Rules of Civil Procedure ("Motion to Remand") (Doc. No. 14); and Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 11). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income ("SSI") under Title XVI of the Social Security Act.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED; Defendant's Motion for Summary Judgment is GRANTED; Plaintiff's Motion to Remand is DENIED; and Plaintiff's Motion to Receive New and Material Evidence is DENIED.

## I. BACKGROUND

Plaintiff originally filed for SSI in 2004, although this application was denied at the initial level, and the determination was never appealed. (Tr. 13). Plaintiff again filed an application for SSI on February 26, 2014, claiming a disability onset of the same date. (Tr. 13, 32). The claim

was denied on June 26, 2014, and upon reconsideration on October 30, 2014. (Tr. 83, 91). On November 14, 2016, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 29). After a review of Plaintiff's medical history and testimony, on February 22, 2017, the ALJ denied Plaintiff's application for SSI, finding Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (Tr. 24).

The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date of February 26, 2014, and found Plaintiff to have the following severe impairments: "degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), depressive disorder, anxiety disorder, and substance addition disorder . . . ." (Tr. 15). The ALJ further determined Plaintiff suffered from otitis media and otitis otalgia of the right ear and Bell's palsy, although these impairments were found to be "non-severe." (Tr. 16). The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25). The ALJ then decided Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a). More specifically, the ALJ found:

> The claimant can lift and carry, push and pull 10 pounds occasionally, and 10 pounds frequently. With normal breaks in an eight-hour day, she can sit for six hours, and stand and/or walk for two hours; can occasionally climb ladders, ropes and scaffolds; can occasionally stoop; can frequently climb ramps and stairs; and can tolerate occasional exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant can understand, remember and perform simple, routine, repetitive tasks with a typically set routine; can concentrate and persist on those tasks, but not on higher level tasks, for at least two hours at a time; can acceptably relate to co-workers, supervisors on an occasional basis, but should not have direct contact with the public; and can adapt to occasional changes in routine.

(Tr. 17-18). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified Plaintiff could perform the

requirements of occupations such as "a tube operator (DOT 239.687-014) with 30,000 jobs in the United States; escort vehicle driver (DOT 919.663-022) with 170,000 jobs nationally; and addresser (DOT 209.587-010) with 29,000 jobs nationally." (Tr. 23). As a result, the ALJ concluded Plaintiff was not disabled as defined under the Social Security Act from June 18, 2008, through the date of the ALJ's decision. Id.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1). Having exhausted all administrative remedies, Plaintiff then sought judicial review of the ALJ's decision at this Court pursuant to 42 U.S.C. § 405(g). In three separate briefs, Plaintiff argues: (1) the ALJ "failed to properly assess the Plaintiff's vocational limitations" (Doc. No. 10, at 12); (2) the appointment of the ALJ to this case was invalid (Doc. No. 15, at 3); and (3) the Court should receive new evidence of a psychological evaluation by Dr. Reavis performed after the date of the ALJ decision (Doc. No. 11, at 1).

## II. STANDARD OF REVIEW

When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an [ALJ] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). In reviewing the record for substantial evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that

of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (citation omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four." Lewis, 858 F.3d at 861. The RFC equates to "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. Id. § 416.945(a)(1); § 404.1520(a)(4)(iv).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so

4

that [the ALJ] can determine how [her] symptoms limit [her] capacity for work."
20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862. The ALJ may then define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967. Moreover, "a proper RFC analysis" requires "a logical explanation" explaining how the medical evidence translates to the ALJ's conclusion. Thomas v. Berryhill, No. 17-2215, 2019 WL 193948, at *3 (4th Cir. Jan. 15, 2019), as amended (Feb. 22, 2019).

After determining the RFC, the ALJ then determines if the claimant is unable to perform past work at step four. Mascio, 780 F.3d at 635; Lewis, 858 F.3d at 862. If the claimant meets her burden as to past work at step four, the ALJ proceeds to step five.

> At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. Id.

Lewis, 858 F.3d at 862 (quotation marks omitted). If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

Plaintiff only identifies one sole assignment of error in her summary judgment brief, specifically, that the ALJ "failed to properly assess the Plaintiff's vocational limitations" (Doc. No. 10, at 12). In separate briefs, Plaintiff also argues the appointment of the ALJ to this case was invalid (Doc. No. 15, at 3), and the Court should receive new evidence of a psychological evaluation by Dr. Reavis performed after the date of the ALJ decision (Doc. No. 11, at 1).

5

Defendant instead argues substantial evidence in the record supports the ALJ's decision. (Doc. No. 23, at 2). For the reasons stated below, the Court does not find Plaintiff's arguments persuasive.

**A.     Motions for Summary Judgment**

Plaintiff alleges there is not substantial evidence from the record to support the hypotheticals presented to the vocational expert in step five of the disability claim analysis. (Doc. No. 10 at 13, 15-18). As this is, in essence, an assignment of error in determining the RFC, i.e. what a claimant can still do despite his limitations, the Court will therefore address Plaintiff's arguments accordingly. Specifically, Plaintiff claims the ALJ incorrectly concluded that Plaintiff "can understand, remember and perform simple, routine, repetitive tasks with a typically set routine; concentrate and persist on those tasks, but not on higher level tasks, for at least two hours at a time" because this conclusion is not supported by the reports of John H. Bevis, Dr. Michael F. Fiore, and Dr. Deborah Barnett. (Doc. No. 10, at 17-18).[1]

However, the ALJ identified substantial evidence in the record to support Plaintiff's RFC. For example, the ALJ supported his conclusions regarding Plaintiff's ability to comprehend and perform simple, repetitive tasks by citing Mr. Bevis's report, which concluded that Plaintiff "is capable of understanding and following instructions," and "[s]he maintained adequate attention and concentration when performing repetitive tasks for shorter periods of time." (T. 16-17, 236). Thus, such evidence from the medical record sufficiently supports the ALJ's conclusion. See Johnson, 434 F.3d at 653 (explaining the substantial evidence standard).

---

[1] While Plaintiff also claims the ALJ's RFC is contrary to the report by Dr. Rebecca Reavis, such new evidence will not be considered by this Court, as addressed in Section III.B.

Further, the ALJ is not required to find an RFC consistent with each aspect of Mr. Bevis's, Dr. Fiore's, and Dr. Barnett's reports. Here, the ALJ sufficiently explained that he assigned "little weight" to Mr. Bevis and Dr. Fiore's opinion because their opinions were largely "based on the claimant's subjective presentation, and only on one visit." (T. 21). While an ALJ must give "great weight" to a treating physician's opinion, "for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time," Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986), this rationale diminishes with a physician who has only examined a plaintiff once. Cobb v. Shalala, No. 94-1924, 1995 WL 146267, at *3 (4th Cir. Apr. 5, 1995) (finding the "ALJ acted properly in choosing to not adopt the position taken by Cobb's treating physician," in part, because the physician "had not treated Cobb on a continuous basis"). As Mr. Bevis and Dr. Fiore had only examined Plaintiff one time (T. 21), the ALJ was not required to give his opinion great weight. Additionally, an ALJ may discount a treating physician's opinion that is based entirely on a plaintiff's own subjective reports, as the ALJ explained the case to be here. (T. 21); see Johnson, 434 F.3d at 658; Mastro v. Apfel, 270 F.3d 171, 177-78 (4th Cir. 2001).

Evidence also supports the ALJ's determination to discount Dr. Barnett's opinion because it contradicted the medical evidence and the testimony by Plaintiff. In evaluating a medical opinion, an ALJ "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992); accord Mastro, 270 F.3d at 178. Likewise here, the ALJ explained he largely discounted Dr. Barnett's opinion because "[h]er opinion in general is inconsistent with the lack of medical evidence regarding mental health treatment," and "[t]he claimant has had no mental health treatment by a mental health provider. She has not been hospitalized for mental treatment, and has no

7

documented episodes of decompensation." (T. 22). When asked at the hearing what kept Plaintiff from working, Plaintiff focused entirely on her physical issues, not her mental health issues. Id. The ALJ also explained, when questioned, Plaintiff "did not mention having trouble focusing, concentrating, or being around people." Id. Like the ALJ in Mastro, the ALJ here was entitled to give Dr. Barnett's opinion little weight as her opinion was "not supported by clinical evidence" and was "inconsistent with other substantial evidence," including Plaintiff's own testimony. Mastro 270 F.3d at 178. In sum, the ALJ has supplied a "logical explanation" underlying his RFC conclusion, Thomas, 2019 WL 193948, at *3, and the ALJ's determination is supported by substantial evidence.

Finally, the Court will not consider Plaintiff's sporadic arguments not properly assigning error or presenting meaningful analysis. Buried in the middle of a paragraph, Plaintiff mentions once that the ALJ incorrectly categorized Plaintiff's otitis media and otalgia in her right ear and Bell's palsy as non-severe. (Doc. No. 10, at 13). Plaintiff's isolated assertion fails to raise this issue as a separate assignment of error and thus will not be considered by the Court.

> Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into her sole assignment of error, the Court disregards those arguments.

Shipman v. Berryhill, No. 1:17-cv-00309-MR, 2019 WL 281313, at *4 (W.D.N.C. Jan. 22, 2019); accord Sneden v. Berryhill, No. 1:17-cv-00030-MR, 2018 WL 1385790, at *3 (W.D.N.C. Mar. 19, 2018); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017). "It is not the role of this Court to recraft a legal argument submitted by counsel and make counsel's legal argument for him or

her; this Court's role is to rule on the specific legal arguments presented by counsel." Sanders v. Berryhill, No. 1:16-cv-0236-MOC-DLH, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); accord Green v. Colvin, No. 1:14-cv-293-RJC-DSC, 2016 WL 830990, at *3 (W.D.N.C. Mar. 3, 2016) ("[T]he Court may not mine the record to find such support.").

Similarly, the Court will not consider Plaintiff's arguments regarding an absence of a function-by-function analysis, (Doc. No. 10, at 17-18), as Plaintiff only makes conclusory statements, cites case law without any explanation or application to the facts, and does not properly set forth a separate assignment of error. Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554, at *3 (W.D.N.C. Oct. 10, 2018) (rejecting other legal arguments of error woven into Plaintiff's sole assignment of error when "[a]fter asserting this one assignment of error, Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignment of error identified."); accord Sneden, 2018 WL 1385790, at *3; Curry v. Berryhill, No. 1:16-cv-00388-MR, 2018 WL 1277746, at *4 (W.D.N.C. Mar. 12, 2018); Powell v. Berryhill, No. 1:16-cv-00268-MR, 2017 WL 4354738, at *2 (W.D.N.C. Sept. 29, 2017); see also Mason, 2017 WL 2664211, at *4 ("In fact, this Court recently explained to counsel that it would not consider a challenge to an RFC determination contained within another assignment of error."); Demag v. Berryhill, No. 1:15-cv-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) ("Perplexingly, however, the Plaintiff does not proceed from the above paragraph to articulate what 'Mascio standard' the ALJ allegedly violated, or how the ALJ's reasoning is inconsistent with Mascio, nor does she give any legal analysis discussing why the ALJ's decision

necessitates the relief requested"). Accordingly, Plaintiff has presented no basis for reversal or remand of the ALJ's determination.

B.      **Motion to Receive New and Material Evidence**

A plaintiff seeking to introduce new evidence not previously considered at the administrative level must satisfy the requirements of 42 U.S.C. § 405(g).

> The [C]ourt may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new evidence* which is *material* and there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g) (emphasis added). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). And evidence is material if "the Commissioner's decision might reasonably have been different had the new evidence been before her." Finney v. Colvin, 637 F. App'x 711, 716 (4th Cir. 2016) (unpublished) (citations omitted); see also Miller v. Barnhart, 64 F. App'x 858, 860 (4th Cir. 2003) (unpublished) (holding evidence was not material "because it would not reasonably have changed the Commissioner's decision had it been before her."). Additionally, evidence must "relate[] to the period on or before the date of the ALJ's decision." Wilkins, 953 F.2d at 96; accord Jackson v. Astrue, No. 1:09cv467, 2011 WL 2694623, at *2 (W.D.N.C. July 12, 2011).

Here, Plaintiff has failed to make any meaningful argument as to why Dr. Reavis's psychological evaluation, performed after the date the ALJ decision, is new, material, or relates back to the period before the ALJ's decision. In fact, Plaintiff claims Dr. Reavis's findings are "consistent with the findings and conclusions of earlier mental health clinicians who evaluated [Plaintiff]," already submitted at the administrative level. (Doc. No. 11, at 2). This would make

such evidence impermissibly duplicative. Compare Wilkins, 953 F.2d at 96 (finding evidence cannot be "duplicative or cumulative"), with Burke v. Colvin, No. 5:12CV191-RLV, 2015 WL 8207448, at *3 (W.D.N.C. Dec. 7, 2015) (finding evidence to be "new" because it was not "cumulative or duplicative" as it was "not found anywhere else in the record"). As the Court found in Burke that Plaintiff made a "very short and conclusory argument that lacks any analysis of how this evidence meets the legal standard for a justified demand," 2015 WL 8207448, at *5, likewise here, Plaintiff has failed present analysis on how Dr. Reavis's evaluation fits the § 405(g) standard. Lastly, Plaintiff fails to raise any argument as to why there is good cause for Plaintiff's failure to incorporate such evidence in the record in a prior proceeding. The Court therefore finds that Dr. Reavis's evaluation is not new or material. The motion is denied.

**C.    Motion to Remand**

Plaintiff filed a Motion to Remand seeking a new hearing before a different ALJ on the grounds that the ALJ presiding over her claim was not constitutionally appointed. In Lucia v. SEC, the Supreme Court held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus are subject to the Appointments Clause. 138 S. Ct. 2044, 2055 (2018).

However, Lucia made it clear, with regard to Appointments Clause challenges, only "*one who makes a timely challenge*" is entitled to relief. Id. (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)) (emphasis added). In Lucia, the Supreme Court acknowledged the challenge was timely because it was made before the Commission. Id. To the extent Lucia may apply to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during her administrative proceedings. (T. 29-51); Shipman, 2019 WL 281313, at *3 (rejecting the Lucia argument because

Plaintiff forfeited this issue by failing to raise it during her administrative proceeding); Britt v. Berryhill, No. 1:18-cv-00030-FDW, 2018 WL 6268211, at *2 (W.D.N.C. Nov. 30, 2018) (same); Garrison, 2018 WL 4924554, at *2 (same); see also Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (noting plaintiff forfeits issues not raised before the ALJ or Appeals Council).

Further, Plaintiff's identification of Jones Bros., Inc. v. Secretary of Labor, 898 F.3d 669 (6th Cir. 2018), in an effort to excuse Plaintiff's waiver, is misplaced as Jones is neither binding nor analogous to the facts at hand. First, Jones was a review of a Mine Safety and Health Administration decision, not a Social Security Administration appeal, and therefore is established and bound by a distinct federal statute requiring separate analysis. See id. at 672; see also Federal Mine Safety and Health Review Commission 30 U.S.C. § 823 (1977). Additionally, plaintiffs in Jones *did* initially raise the Appointments Clause issue at the administrative level before the Mine Commission. 898 F.3d at 677. Yet here, Plaintiff not only failed to raise the Lucia argument at the administrative level, she moreover failed to raise the issue until *after* Plaintiff had filed its summary judgment brief at the district court level. (Doc No. 24, at 1); Turner Bros., Inc. v. Conley, No. 17-9545, 2018 WL 6523096, at *1 (10th Cir. Dec. 11, 2018) (distinguishing the plaintiff from the plaintiffs in Jones, who had identified the Lucia issue in front of the Federal Mine Safety and Health Review Commission, because the plaintiffs "did not mention this issue in its filings with the ALJ or the Board, and did not raise the issue until after it filed its brief with this court."). As such, the Court does not find Plaintiff's argument persuasive. The motion is denied.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED; Defendant's Motion for Summary Judgment (Doc. No. 22) is GRANTED; Plaintiff's Motion to

Remand (Doc. No. 14) is DENIED; and Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 11) is DENIED.

    IT IS SO ORDERED.

Signed: March 11, 2019

Frank D. Whitney
Chief United States District Judge